Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON, LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON, LLC
The Monadnock Building
53 West Jackson, Suite 550
Chicago, IL 60604
(312) 589-6370

Karin E. Fisch
Orin Kurtz
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSE MEYER, an individual, on his own behalf and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Civil Action No. 08cv0655-WQH(CAB)<br><br>**NOTICE OF POTENTIALLY RELATED CASES PURSUANT TO CIVIL LOCAL RULE 40.1(e)** |

Jesse Meyer, plaintiff in the above-captioned action, respectfully files this notice of potentially related cases pursuant to Civil Local Rule 40.1(e). Civil Local Rule 40.1(e) mandates that counsel who "has reason to believe that a pending action . . . is related to another pending action" is obliged to

> promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a brief statement of their relationship and the reasons why assignment to a single district judge is or is not

likely to effect a saving of judicial effort and other economies. Civil Local Rule 40.1(e). The undersigned counsel believes that the Court should be apprised of the possibility that this case may be related to the following: *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1392 (S.D. Cal.) ("*Qualcomm I*"); *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958 (S.D. Cal.) ("*Qualcomm II*"), and; *Broadcom Corp. v. Qualcomm Inc.*, No. 05-03350 (D.N.J.).

### *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1392 (S.D. Cal.) and *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958 (S.D. Cal.)

*Qualcomm II* is a patent infringement case that was filed on October 14, 2005. *Qualcomm II* was transferred to Judge Rudi M. Brewster after Qualcomm filed a Notice of Related Case asserting that *Qualcomm II* was related to *Qualcomm I*, a previously filed (July 11, 2005) patent infringement case pending between the same parties in the Southern District of California. *Qualcomm I* was litigated before Judge Brewster until it settled on the eve of trial in March 2007. *Qualcomm II* remains an active case pending before Judge Brewster.

In a 2007 decision in *Qualcomm II*, the Court found that Qualcomm participated in a standard-designating organization ("SDO") called the Joint Video Team ("JVT") which created a high-definition video standard called H.264 and, by doing so, agreed to disclose any patent rights relevant to the H.264 and to license those patents "on a worldwide, non-discriminatory basis and on reasonable terms and conditions." *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958, 2007 WL 2296441, at *4 (S.D. Cal. Aug. 6, 2007). In its decision upholding Broadcom's affirmative defense that two of Qualcomm's patents were unenforceable due to waiver, the Court determined that Qualcomm "actively organized and/or participated in a plan to profit heavily by . . . wrongfully concealing [U. S. Patent Nos. 5,452,104 and 5,576,767, which Qualcomm knew were essential to the H.264 standard] while participating in the JVT," and that this wrongful conduct constituted waiver of Qualcomm's patent rights. *Id*. at *14, 34-35.

> [T]he eventual collapse of Qualcomm 's concealment efforts exposes the carefully orchestrated plan and the deadly determination of Qualcomm to achieve its goal of holding hostage the entire industry desiring to practice the H.264 standard by insulating its [patents] from the JVT so that the JVT would

> lose the opportunity to mitigate, if not to avoid, Qualcomm's IPR in the development of the H.264 standard.

*Id.* at *34. Thus, a key issue in *Qualcomm II* was Qualcomm's manipulation of an SDO into adopting a standard that incorporated its patents, thereby allowing it to obtain undue market power over its competitors.

### *Broadcom Corp. v. Qualcomm Inc.*, No. 05-03350 (D.N.J.)

This action (hereinafter "*Broadcom*") was filed on July 1, 2005 in the District of New Jersey. The *Broadcom* complaint alleges violations of the federal antitrust laws. Broadcom, a competitor of Qualcomm and the defendant in *Qualcomm I* and *II*, alleged that Qualcomm participated in a variety of SDOs that created the UMTS standard, a next-generation standard for cellular signal technology. As a participant in these SDOs, Qualcomm agreed to license any patents essential to the UMTS standard on fair, reasonable, and non-discriminatory ("FRAND") terms. Broadcom alleges that, since the adoption of the UMTS standard, however, Qualcomm has reneged on its obligations to the SDO participants and has instead insisted on licensing its patents to manufacturers of UMTS devices on terms that are unfair, unreasonable, discriminatory, and anticompetitive. The trial court dismissed Broadcom's suit on August 30, 2006, but that dismissal was reversed in part by the Third Circuit on September 4, 2007. *See Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007).

\* \* \*

The current case is a class action that arises out of the same facts and circumstances that gave rise to the *Broadcom* suit and asserts similar claims on behalf of a different set of aggrieved entities. Plaintiff Meyer alleges that Qualcomm reneged its commitment to license patents essential to the UMTS standard on FRAND terms in violation of state and federal antitrust laws and that the end-users of devices that incorporate the relevant chipsets have been harmed as a result. (Pl.'s Compl. ¶ 1.) Meyer seeks antitrust damages in the form of increased prices that are passed down from Qualcomm's licensees to end purchasers of UMTS-capable devices. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 424 F.3d 363, 374-75 (3d Cir. 2005) (consumer antitrust damages are measured by monopolist's anticompetitive overcharges, while competitor antitrust damages are measured from lost profits).

Plaintiff believes that this case is related to the actions designated above under the provisions of Civil Local Rule 40.1(f). The defendant Qualcomm is the plaintiff in two of the three related cases and a defendant in the third. The cases each concern the same or similar technology and present similar claims, facts and questions of law involving Qualcomm's wrongdoing as it relates to disclosures to and representations made to standard-settings bodies. As a result, there are likely to be a substantial saving of judicial effort and other economies if the *Meyer* case is deemed to be related to the *Qualcomm* cases due to the substantial overlap of factual and legal issues and Judge Brewster's familiarity with the parties with these issues.

DATED: April 17, 2008

By: s/Alan Himmelfarb

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON, LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON, LLC
The Monadnock Building
53 West Jackson, Suite 550
Chicago, IL 60604
(312) 589-6370

Karin E. Fisch
Orin Kurtz
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

**CERTIFICATE OF SERVICE**

Pursuant to 28 U.S.C. §1746, I hereby certify that on April 17, 2007, I electronically filed the foregoing through the CM/ECF system in this case and in case No. 05cv1958-B(BLM), which constitutes service on the parties to that case under the Local Rules of this Court.

DATED: April 17, 2008

By: s/Alan Himmelfarb

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON, LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Jay Edelson
Ethan Preston
KAMBEREDELSON, LLC
The Monadnock Building
53 West Jackson, Suite 550
Chicago, IL 60604
(312) 589-6370

Karin E. Fisch
Orin Kurtz
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700