1  EVAN R. CHESLER (*pro hac vice* to be filed)
   PETER T. BARBUR (*pro hac vice* to be filed)
2  ELIZABETH L. GRAYER (*pro hac vice* to be filed)
   CRAVATH, SWAINE & MOORE LLP
3  825 Eighth Avenue
   New York, NY 10019
4  Telephone: (212) 474-1000
   Facsimile: (212) 474-3700
5
   WILLIAM S. BOGGS (Bar No. 053013)
6  BRIAN A. FOSTER (Bar No. 110413)
   TIMOTHY S. BLACKFORD (Bar No. 190900)
7  **DLA PIPER US LLP**
   401 B Street, Suite 1700
8  San Diego, CA 92101-4297
   Telephone: (619) 699-2700
9  Facsimile: (619) 699-2701

10 Attorneys for Defendant
   QUALCOMM INCORPORATED
11

12                    UNITED STATES DISTRICT COURT

13                    SOUTHERN DISTRICT OF CALIFORNIA

| JESSE MEYER, an individual, on his own behalf and on behalf of all similarly situated, | Case No. 08cv0655-WQH (CAB) |
|---|---|
| Plaintiff, | **QUALCOMM INCORPORATED'S NOTICE OF RELATED CASE** |
| v. | |
| QUALCOMM INCORPORATED, a Delaware corporation, | |
| Defendant. | |

DLA PIPER US LLP
SAN DIEGO

SD\1815720.1                                       08 CV 0655 WQH(CAB)

Defendant QUALCOMM Incorporated ("Qualcomm") respectfully submits this notice of related case pursuant to Local Rule 40.1(e).

Plaintiff today submitted his own notice of related case purporting to notify the Court of three cases that Plaintiff believes are "related" within the meaning of Local Rule 40.1(e):

1. *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1392 (S.D. Cal.) ("1392");
2. *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958 (S.D. Cal.) ("1958"), and;
3. *Broadcom Corp. v. Qualcomm Inc.*, No. 05cv03350 (D.N.J.) ("3350").

Of these three cases, only the third—the 3350 case—is actually "related". Under Local Rule 40.1(f), "[a]n action or proceeding is related to another action or proceeding where both of them: (1) Involve some of the same parties and are based on the same or similar claims, or (2) Involve the same property, transaction, or event, or (3) Involve substantially the same facts and the same questions of law." Local Rule 40.1(e). As Plaintiff pointed out in his own notice, the 3350 case is "related" under any of these standards.[1]

As Plaintiff notes, the 3350 case is—like this one—an antitrust case against Qualcomm in which the plaintiff asserts substantially the same causes of action and grounds for liability. In both cases, the plaintiff asserts claims under the Sherman Act, along with the same state law claims under California's Unfair Competition Law. The plaintiffs in both cases assert the same theory of liability—namely, that Qualcomm has monopolized certain markets and charged supracompetitive royalties for wireless technology by deceiving a private standards-determining organization ("SDO") known as "ETSI" into choosing to incorporate Qualcomm's patented technology within a third-generation cellular standard called "UMTS". *See Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007). This factual and legal similarity satisfies the test for relatedness under Local Rule 40.1(e).

/////

/////

---

[1] Indeed, for this reason among others, Qualcomm intends to file a motion to transfer the present action to the District of New Jersey pursuant to 28 U.S.C. § 1404(b).

-1-

1  Moreover, because of the substantial overlap between this case and 3350, there are
2  significant efficiencies to be gained in deeming the cases "related". Unlike the two other cases
3  mentioned in Plaintiff's notice—which, as discussed below, have been decided on the merits—
4  the 3350 case is actively engaged in fact discovery. Sixty depositions are currently planned, and
5  the trial is tentatively scheduled for July 2009. Moreover, the case has been considered and
6  remanded by the Third Circuit Court of Appeals, providing the district court and the parties clear
7  guidance on the relevant legal standards. These potential efficiencies weigh substantially in favor
8  of deeming the two cases related.

9  By contrast, the two other cases cited by Plaintiff in today's notice—namely, the 1958 and
10 1392 cases—do not meet the standards for relatedness under Local Rule 40.1(e) and are, in any
11 event, no longer proceeding on the merits. The 1392 case was a patent infringement action that
12 was settled and voluntarily dismissed in March 2007. In the 1958 case—another patent
13 infringement action—the district court has finally decided the merits, and an appeal currently is
14 pending in the Federal Circuit. Neither case involves any claim under the federal antitrust laws or
15 under California's Cartwright Act or Unfair Competition statute. Because these two cases do not
16 possess substantial factual or legal similarities with the present case, and because neither is
17 currently active, they should not be deemed "related" under Local Rule 40.1(e).

18 Dated: April 17, 2008                    DLA PIPER US LLP

                                           By /s/ William S. Boggs

                                           Attorneys for Plaintiff and Counterdefendant
                                           QUALCOMM INCORPORATED
                                           william.boggs@dlapiper.com