

DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

William S. Boggs
bill.boggs@dlapiper.com
T 619.699.2758
F 619.764.6758

April 17, 2008

The Hon. William Q. Hayes
U.S. District Court for the Southern District of California
880 Front Street, Courtroom 4
San Diego, CA 92101

Re:  *Jesse Meyer v. Qualcomm Incorporated*
     Case No. 08cv0655OWQH (CAB)

Dear Judge Hayes:

We represent Defendant Qualcomm Inc. in this matter. We write to advise the Court of serious deficiencies in Plaintiff's Notice of Related Cases (the "Notice") filed this morning, as well as of Qualcomm's intent to move to transfer this case to the District of New Jersey.

The Notice describes three cases involving Qualcomm and Broadcom Corp.: (1) *Broadcom Corp. v. Qualcomm Inc.*, No. 05-03350 (D.N.J.) (the "New Jersey case"); (2) *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1392 (S.D. Cal.) (the "1392 case"); and (3) *Qualcomm Inc. v. Broadcom Corp.*, No. 05cv1958 (S.D. Cal.) (the "1958 case"). Although Plaintiff identifies all three of these cases as "related", he specifically advocates reassigning this case to Judge Rudi Brewster of this District, who presided over both the 1392 and 1958 cases. (Notice at 5 (arguing that "there are likely to be a substantial saving of judicial effort and other economies if the *Meyer* case is deemed to be related . . . due to . . . Judge Brewster's familiarity with the parties with these issues.").) But contrary to Plaintiff's argument, the *only* case that truly is related to this case is the New Jersey case. Accordingly, Qualcomm intends to file a motion to transfer the case to New Jersey, pursuant to 28 U.S.C. § 1404(b), and asks that the Court reserve judgment on the Notice pending filing of the Motion to Transfer.[1]

As is apparent from the face of the Notice, this case is overwhelmingly similar to the New Jersey case. Both allege antitrust violations in connection with the standard-setting process. Both allege specifically that Qualcomm reneged on its commitment to a particular standard-setting organization (*i.e.*, ETSI) to license its intellectual property on "fair, reasonable and non-discriminatory ('FRAND') terms". (Notice at 3.) Both cases relate to the same telecommunications technology (*i.e.*, UMTS). Both cases allege specifically that Qualcomm failed to license its UMTS patents on FRAND terms. Indeed, many of Plaintiff's allegations include language that clearly was copied word-for-word from the New Jersey complaint.

By contrast, the 1392 and 1958 cases are unrelated to this action. The 1392 case was a *patent* case, not an antitrust case, in which Qualcomm was the *plaintiff*. Likely because of this dissimilarity, and because the case has long since settled, Plaintiff's Notice says absolutely

---

[1] Qualcomm plans to file today a notice setting forth the reasons why this case is related to the New Jersey case—and *not* to the 1392 or 1958 cases.



The Hon. William Q. Hayes
April 17, 2008
Page Two

nothing about the substance of the 1392 case. The 1958 case is also a patent case, not an antitrust case. And, as the Notice makes clear, the 1958 case relates to patents for *entirely different* technology—*i.e.*, high-definition video, not wireless communications—and involves different standards development bodies with different rules. (*See* Notice at 2.)

Even setting aside the clear differences between this case and Judge Brewster's cases, reassigning this case within the District would not create any "saving of judicial effort". Both the 1392 and 1958 cases are, with respect to all substantive issues, effectively over. The 1392 case was terminated on March 22, 2007. And final judgment had been entered on all substantive issues in the 1958 case by August 6, 2007. The only proceedings still ongoing in that case are sanctions proceedings against certain former outside Qualcomm attorneys.

By contrast, the New Jersey case is highly active. The parties are currently engaged in fact discovery relating to many of the same issues raised in Plaintiff's complaint. A trial date is tentatively set for July 2009. Moreover, because the cases are so similar, allowing parallel cases to proceed in New Jersey and California would create a significant risk of inconsistent rulings on the same issues. Accordingly—and as will be detailed at greater length in our forthcoming motion—this case should be transferred to New Jersey, *not* reassigned within this District.

Thank you for your attention to this matter.

Very truly yours,

DLA Piper US LLP

William S. Boggs

Admitted In California Bar

WSB:db
cc:   Alan Himmelfarb, Esq.
      Jay Edelson, Esq.
      Karin E. Fisch, Esq.
      Evan Chesler, Esq.
      Peter Barbur, Esq.
      Elizabeth Grayer, Esq.

SD\1815703.1
336110-122