1   EVAN R. CHESLER (*pro hac vice*)
    PETER T. BARBUR (*pro hac vice*)
2   ELIZABETH L. GRAYER (*pro hac vice*)
    CRAVATH, SWAINE & MOORE LLP
3   825 Eighth Avenue
    New York, NY 10019
4   Telephone: (212) 474-1000
    Facsimile:  (212) 474-3700

5

6   WILLIAM S. BOGGS (Bar No. 053013)
    BRIAN A. FOSTER (Bar No. 110413)
    TIMOTHY S. BLACKFORD (Bar No. 190900)
7   DLA PIPER US LLP
    401 B Street, Suite 1700
8   San Diego, CA  92101-4297
    Telephone:  (619) 699-2700
9   Facsimile:  (619) 699-2701

10  Attorneys for Defendant
    QUALCOMM INCORPORATED

11

12             UNITED STATES DISTRICT COURT

13          SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 14  JESSE MEYER, an individual, on his own behalf and on behalf of all similarly situated, | Case No. 08cv0655-WQH (LSP) |
| 16          Plaintiff, | **QUALCOMM INCORPORATED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO TRANSFER** |
| 17     v. | |
| 18  QUALCOMM INCORPORATED, a Delaware corporation, | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| 19          Defendant. | |
| 20 | Date:     June 2, 2008<br>Time:    11:00 a.m.<br>Judge:   Hon. William Q. Hayes |

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2                                                                                    **Page**

3    I.      INTRODUCTION ................................................................................1

4    II.     PROCEDURAL BACKGROUND ........................................................2

5    III.    ARGUMENT .......................................................................................4

6            A.      Legal Standards.......................................................................4

7            B.      Transferring this Action Would Serve the Interests of Justice. ...............................5

8            C.      Transfer Is Proper Under All Other Relevant Factors. .............................7

9    IV.     CONCLUSION...................................................................................9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alexander v. Franklin Resources, Inc.*, No. 06-CV-7121, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007)...........................................................................................5, 6

*Alexander v. Franklin Resources, Inc.*, No. 06-CV-7121,2007 WL 518859 (N.D. Cal. Feb. 14, 2007)................................................................................................8

*Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256 (W.D. Wash. 2005) ...................................6

*Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007) ......................................4

*Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19 (1960)..........................................5

*CoxCom, Inc. v. Hybrid Patents Inc.*, No. 06-CV-7918, 2007 WL 2500982 (N.D. Cal. Aug. 30, 2007).......................................................................................8

*Cuco v. United States*, No. 05-CV-5347, 2007 WL 2904193 (D.N.J. Oct. 2, 2007).....................5

*Harris v. Stonecrest Care Auto Center, LLC*, No. 04-CV-2593, 2008 WL 474388 (S.D. Cal. Feb. 20, 2008) ............................................................................7

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000).............................................5

*London and Hull Maritime Ins. Co. v. Eagle Pacific Ins. Co.*, No. 96-CV-1512, 1996 WL 479013 (N.D. Cal. Aug. 14, 1996)....................................................5

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987) ......................................................7

*Pacific Coast Fed. v. Gutierrez*, No. 05-CV-32322006 WL 194507 (N.D. Cal. Jan. 24, 2006)....................................................................................5

*Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998) ......................................8

*Papaleo v. Cingular Wireless Corp.*, No. 07-CV-1234, 2007 WL 1238713 (N.D. Cal. Apr. 26, 2007) ............................................................................8

*Wiley v. Trendwest Resorts, Inc.*, No. 04-CV-4321, 2005 WL 1910934 (N.D. Cal. Aug. 10, 2005) ...............................................................................6

## STATUTES AND RULES

15 U.S.C. § 1 *et seq.* ..................................................................................2, 3, 4

15 U.S.C. § 22 ............................................................................................5

28 U.S.C. § 1331 .........................................................................................5

28 U.S.C. § 1391(c) ......................................................................................5

28 U.S.C. § 1404(a) .................................................................................passim

Cal. Bus. & Prof. Code § 17200 *et seq.* ..................................................................2, 4, 7

Cal. Bus. & Prof. Code §§ 16720, 16726 ..............................................................2, 7

CivLR 40.1.......................................................................................................7

1    Qualcomm Incorporated ("Qualcomm") respectfully submits this memorandum of points

2    and authorities in support of its motion, pursuant to 28 U.S.C. § 1404(a), for an order transferring

3    this action to the United States District Court for the District of New Jersey, in which an earlier-

4    filed, related action is currently pending.

5    **I.    INTRODUCTION**

6    Transfer of this action is proper under 28 U.S.C. § 1404(a) to prevent the needless

7    duplication of time, cost and judicial resources associated with maintaining the present action

8    alongside a largely identical action currently pending in the District of New Jersey. Plaintiff has

9    brought this action on the basis of allegations against Qualcomm that apparently have been lifted

10   wholesale from a complaint filed by Broadcom Corporation, a Qualcomm competitor, in the

11   action captioned *Broadcom Corp. v. Qualcomm Inc.*, No. 05-CV-3350 (D.N.J.) (hereinafter the

12   "NJ Action"). As Plaintiff stated in his recent Notice of Potentially Related Cases, "[t]he current

13   case is a class action that arises out of the same facts and circumstances that gave rise to the

14   Broadcom [NJ] suit and asserts similar claims". (Dkt. 3, at 3.) Like the present action, the NJ

15   Action is an antitrust suit accusing Qualcomm of alleged anticompetitive conduct in the markets

16   for so-called "third generation" or "3G" cellular technology, including allegedly "unfair" and

17   "discriminatory" licensing practices.[1]

18   Under these circumstances, transfer in favor of the earlier-filed, related case is appropriate

19   for at least three reasons. *First*, it would make no sense for this Court to duplicate the substantial

20   judicial effort that already has been expended in New Jersey to clarify the relevant legal issues,

21   define the scope of discovery and move the NJ Action towards trial. *Second*, given the extensive

22   overlap between the two complaints, transferring this action to the District of New Jersey would

23   help avoid duplicative discovery, inconsistent deadlines and conflicting rulings on identical

24   issues. *Third*, transfer would be convenient for the parties, in particular for Qualcomm, which

25   _____

26   [1] Plaintiff's action is also virtually identical to another putative class action filed on April 18, 2008, in San Diego, California Superior Court under the caption *Valikhani v. Qualcomm Inc.*, No.

27   37-2008-00082231-CU-AT-CTL (Cal. Super. Ct.) (hereinafter the "Valikhani Action"). On April 30, 2008, Qualcomm removed the Valikhani Action to this Court under the case number 08-CV-

28   0786. As it has with the present action, Qualcomm intends to file a motion to transfer the Valikhani Action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

1    otherwise would have to litigate parallel actions simultaneously on two sides of the country, and

2    for the witnesses, who otherwise might be forced to appear for multiple depositions and attend

3    two different forums for court proceedings.  These factors outweigh Plaintiff's choice of forum,

4    which in any event is entitled to little weight where, as here, Plaintiff purports to represent a

5    nationwide class of consumers.

6    **II.    PROCEDURAL BACKGROUND**

7        Plaintiff filed this action on April 10, 2008, on behalf of a putative class consisting of all

8    persons who (1) purchased cellular devices containing "the Wide Band Code Division Multiple

9    Access ('WCDMA') technology or that are compatible with the Universal Mobile

10    Telecommunications System ('UMTS') standard"; or (2) "purchased cellular service from any

11    carrier in the United States which bundles its cellular service with subsidized UMTS-compliant

12    devices".  (Pl.'s Compl. (hereinafter "Meyer Compl.") ¶ 1.)  Plaintiff's complaint asserts claims

13    for violation of the Sherman Act, 15 U.S.C. § 1, California's Cartwright Act, Cal. Bus. Prof.

14    Code §§ 16720, 16726, and California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200.

15    To date, the only activity in this action has been service of the summons and complaint, notices of

16    related case filed by both parties (listing the NJ Action among others as related), and the present

17    motion.

18        The allegations in Plaintiff's complaint appear to have been taken almost word-for-word

19    from Broadcom's Second Amended Complaint in the NJ Action filed in November 2007.  As

20    Plaintiff here alleges, his complaint purportedly "arises from [Qualcomm's] illegal and

21    anticompetitive conduct in the markets for the technology and chipsets that operate cell phones

22    employing WCDMA, a third generation ('3G') technology that is implemented through the

23    UMTS standard".  (Meyer Compl. ¶ 2.)  Similarly, in the NJ Action, Broadcom's theory of the

24    case is that "Qualcomm has systematically undermined competition in markets for technology

25    and integrated circuit chips used in mobile wireless devices".  (Loft Decl., Ex. 1 (hereinafter "NJ

26    Second Am. Compl.") ¶ 4.)  As in the NJ action, Plaintiff here alleges that Qualcomm deceived a

27    private standards-development organization ("SDO") known as "ETSI" (the European

28    Telecommunications Standards Institute) into choosing to incorporate Qualcomm's proprietary

1    technology within the UMTS standard.  (Meyer Compl. ¶¶ 3, 42; NJ Second Am. Compl. ¶¶ 7,

2    96.)  Both complaints allege that Qualcomm originally had represented to ETSI that it would

3    license its proprietary technology on fair, reasonable and non-discriminatory terms (so-called

4    "FRAND terms"), but that, after adoption of the UMTS standard by industry participants,

5    Qualcomm then allegedly disregarded those FRAND commitments and offered customers

6    licenses on allegedly non-FRAND terms.  (Meyer Compl. ¶¶ 3, 5; NJ Second Am. Compl. ¶¶ 6-

7    7.)

8         Specifically, both complaints accuse Qualcomm of exactly the same allegedly non-

9    FRAND licensing practices, including:

10        •    Allegedly discriminating among licensees of the essential WCDMA technology by

11             charging more and higher fees to those who do not use Qualcomm's UMTS

12             chipsets (Meyer Compl. ¶¶ 50-55; NJ Second Am. Compl. ¶¶ 125-32);

13        •    Allegedly demanding royalties on parts of UMTS chipsets for which it did not

14             own patents (Meyer Compl. ¶ 58; NJ Second Am. Compl. ¶ 110);

15        •    Allegedly demanding that UMTS licensees grant back to Qualcomm licenses for

16             their own proprietary technologies on terms much more favorable to Qualcomm

17             (Meyer Compl. ¶ 63; NJ Second Am. Compl. ¶ 112);

18        •    Allegedly charging double royalties to UMTS cell phone manufacturers who use

19             non-Qualcomm UMTS chipsets (Meyer Compl. ¶¶ 55-57; NJ Second Am. Compl.

20             ¶¶ 113-20);

21        •    Allegedly discouraging price competition by demanding sensitive sales and pricing

22             information from its UMTS chipset licensees (Meyer Compl. ¶ 64; NJ Second Am.

23             Compl. ¶ 123); and

24        •    Allegedly providing discounts, incentives, and payments to cell phone

25             manufacturers who use only Qualcomm UMTS chipsets (Meyer Compl. ¶ 65; NJ

26             Second Am. Compl. ¶¶ 69, 125).

27    On the basis of these and other allegations, the complaints in both actions assert causes of action

28    under the federal Sherman Act, 15 U.S.C. § 1 *et seq.*, and under California's Unfair Competition

1  Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (Meyer Compl. ¶¶ 104-24, 130-34; NJ Second Am.

2  Compl. ¶¶ 275-88; 318-29.)

3       In September 2007, the United States Court of Appeals for the Third Circuit partially

4  reversed an order dismissing Broadcom's First Amended Complaint in the NJ Action, reinstating

5  two of Broadcom's claims under Section 2 of the Sherman Act and additionally allowing

6  Broadcom the opportunity to re-file its state law claims. *See Broadcom Corp. v. Qualcomm Inc.*,

7  501 F.3d 297 (3d Cir. 2007). Prior to the dismissal in August 2006, the parties had exchanged

8  various discovery requests and had begun rolling productions of documents, one witness had been

9  deposed and various third parties were served with subpoenas pursuant to Federal Rule of Civil

10  Procedure 45. (Loft Decl. ¶¶ 7, 13-14.) While Broadcom's appeal was pending in the Third

11  Circuit, however, no discovery took place.

12       Subsequent to the Third Circuit's remand, Broadcom filed its Second Amended

13  Complaint in November 2007, adding new state law causes of action and new theories of liability.

14  (Loft. Decl. ¶ 6; *id.*, Ex. 1.) Discovery has since recommenced in the NJ Action. The parties

15  have served new document requests and recently have received guidance from the Court

16  concerning the scope of this "second wave" discovery. (*Id.* ¶ 9.) Documents to be produced in

17  this "second wave", however, have not yet been collected or produced. (*Id.* ¶ 8.) Since the filing

18  of Broadcom's Second Amended Complaint, the parties also have exchanged amended

19  disclosures pursuant to Federal Rule of Procedure 26, listing employees and third parties with

20  potentially discoverable information. (*Id.* ¶¶ 10-11.) Certain third parties to the action have been

21  served with discovery subpoenas pursuant to Rule 45. (*Id.* ¶ 14.) No additional depositions have

22  taken place or been scheduled, and the Court has allotted 40 depositions to each side. (*Id.* ¶13;

23  *id.*, Ex. 6.)

24  **III.  ARGUMENT**

25       **A.  Legal Standards**

26       Under 28 U.S.C. § 1404(a), a case may be transferred "[f]or the convenience of the parties

27  and witnesses, in the interest of justice", to "any other district or division where the action might

28

1    have been brought".[2]  In *Continental Grain Co. v. Barge F.B.L.-585*, the Supreme Court held that

2    "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously

3    pending in different District Courts leads to the wastefulness of time, energy and money that

4    § 1404(a) was designed to prevent".  364 U.S. 19, 26 (1960).  In reliance on *Continental Grain*,

5    courts within the Ninth Circuit have held consistently that "the pendency of a similar action in the

6    transferee court is a universally recognized reason for granting a change of venue".  *Pac. Coast*

7    *Fed'n v. Gutierrez*, No. 05-CV-3232, 2006 WL 194507, at *2 (N.D. Cal. Jan. 24, 2006); *see also,*

8    *e.g., Cuco v. United States*, No. 05-CV-5347, 2007 WL 2904193, at *4 (D.N.J. Oct. 2, 2007)

9    ("The presence of a related case in the transferee forum is a powerful reason to grant a change of

10   venue." (internal quotation marks omitted)).  Further, this "'interests of justice' consideration is

11   the most important factor a court must consider, and may be decisive in a transfer motion even

12   when all other factors point the other way".  *London and Hull Maritime Ins. Co. v. Eagle Pac.*

13   *Ins. Co.*, No. 96-CV-1512, 1996 WL 479013, at *3 (N.D. Cal. Aug. 14, 1996).

14        Other factors considered by courts in determining whether a case should be transferred

15   under § 1404(a) include: "(1) plaintiff's choice of forum, (2) convenience of the parties,

16   (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum

17   with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in

18   the controversy, and (8) the relative court congestion and time of trial in each forum." *Alexander*

19   *v. Franklin Res., Inc.*, No. 06-CV-7121, 2007 WL 518859, at *2 (N.D. Cal. Feb. 14, 2007); *see*

20   *also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (same).

21        **B.    Transferring this Action Would Serve the Interests of Justice.**

22        As Plaintiff concedes in his notice of related case (Dkt. 3), his action overlaps

23   substantially, if not completely, with the NJ Action.  *See Amazon.com v. Cendant Corp.*, 404

---

24   [2] It is indisputable that this action could have been brought initially in the District of New Jersey.
     Subject-matter jurisdiction would have existed under 28 U.S.C. § 1331, as this case involves
25   claims arising under the federal antitrust laws.  Qualcomm transacts and is registered to do
     business in, receives process in, and is found within the District of New Jersey, and is therefore
26   subject to personal jurisdiction there to the same extent as it is subject to personal jurisdiction in
     this district.  Finally, venue would have been proper in the District of New Jersey under Section
27   12 of the Clayton Act, 15 U.S.C. § 22, and under the federal venue statute, 28 U.S.C. § 1391(c),
     pursuant to which "a corporation shall be deemed to reside in any judicial district in which it is
28   subject to personal jurisdiction".

1   F. Supp. 2d 1256, 1261 (W.D. Wash. 2005) ("[I]t is inconsistent for plaintiffs to argue that the

2   cases are not similar when it was [plaintiffs] who filed a 'notice of related case'."). The similarity

3   is borne out by a simple comparison of the complaints, both of which, as discussed above, allege

4   the same theory of anticompetitive conduct, accuse Qualcomm of the same allegedly non-

5   FRAND licensing practices and assert similar causes of action under the same state and federal

6   antitrust laws.  (*See supra* 2-3.)

7        In cases with this much factual and legal similarity, courts routinely transfer the later-filed

8   action to the district in which the earlier case is pending. *See Alexander*, 2007 WL 518859, at *3

9   (transferring in favor of an earlier-filed action "because it [was] apparent that regardless of the

10  true nature of plaintiff's claims, the instant claims and the New Jersey claims ar[o]se out of the

11  same factual predicate"); *Wiley v. Trendwest Resorts, Inc.*, No. 04-CV-4321, 2005 WL 1910934,

12  at *4 (N.D. Cal. Aug. 10, 2005) ("[T]he allegations supporting the California Complaint's

13  § 17200 claim have been reproduced verbatim in the Nevada Complaint . . . ."). Transfer, in

14  these situations, is necessary to serve the interests of "judicial economy", because it allows parties

15  to resolve all differences in a single forum, avoids conflicting decisions by different courts and

16  saves substantial judicial resources. *Bomanite Corp. v. Newlook Int'l, Inc.*, No. 07-CV-1640,

17  2008 WL 1767037, at *11 (E.D. Cal. Apr. 16, 2008).

18       Given the substantial overlap between the Meyer Action and the earlier-filed NJ Action, it

19  would be an unnecessary waste of time, money and judicial resources to maintain these two

20  actions in different forums simultaneously.  Because the claims and allegations are essentially the

21  same, both suits would require much of the same motion practice, document discovery and

22  deposition and in-court testimony.  Indeed, substantial resources are currently being expended

23  toward these ends in the NJ Action, including the production of millions of pages of documents

24  and rulings on numerous discovery issues.  This Court would needlessly duplicate these efforts—

25  at great time and expense—if it separately maintains this action in the Southern District of

26  California.

27       This analysis is not altered by the Plaintiff's citation in his Notice of Potentially Related

28  Cases to two other cases filed in this District as being supposedly "related" to the present

1   action—*Qualcomm Inc. v. Broadcom Corp.*, No. 05-CV-1392 (S.D. Cal.) ("1392"); and

2   *Qualcomm Inc. v. Broadcom Corp.*, No. 05-CV-1958 (S.D. Cal.) ("1958"). Both of these actions

3   have been resolved on the merits and are, in any event, patent infringement actions that are far

4   less similar to the present action than the NJ Action. The 1392 case, assigned to the Honorable

5   Rudi M. Brewster, was settled and voluntarily dismissed in March 2007. In the 1958 case—also

6   assigned to Judge Brewster—the district court has decided the merits, and an appeal has been

7   fully briefed and currently is pending in the Federal Circuit. Neither action involved any claim

8   under the federal antitrust laws or under California's Cartwright Act or Unfair Competition

9   statute. Plaintiff's Notice of Potentially Related Cases, which glossed over these differences,

10  caused the clerk of the court to issue a report and proposed order transferring this action to Judge

11  Brewster pursuant to the "low number rule". *See* CivLR 40.1.[3] Judge Brewster, however, has

12  declined such an order (Dkt. 7). *See also Harris v. Stonecrest Care Auto Center, LLC*, No. 04-

13  CV-2593, 2008 WL 474388, at *1 (S.D. Cal. Feb. 20, 2008) (finding transfer inappropriate under

14  Local Rule 40.1(d) because the complaints involved different plaintiffs and arose from different

15  facts). The 1392 and 1958 cases therefore have no bearing on the transfer analysis.

16      **C.      Transfer Is Proper Under All Other Relevant Factors.**

17          The remaining § 1404(a) factors are neutral or favor transfer to the District of New Jersey.

18  These other considerations include (1) plaintiff's choice of forum, (2) convenience of the parties,

19  and (3) convenience of the witnesses.

20          *First*, Plaintiff's choice of forum carries far less weight than it ordinarily would because

21  he seeks to proceed on behalf of a nationwide class of consumers. *See Lou v. Belzberg*,

22  834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual brings a derivative suit or represents a

23  class, the named plaintiff's choice of forum is given less weight."). Plaintiff's chosen venue

24  therefore deserves no more deference than the home venues of any other potential class members,

25  some of whom presumably reside in the District of New Jersey. *Alexander*, 2007 WL 518859, at

26  *3 ("[P]laintiffs' choice of forum is less significant where the plaintiff purports to represent a

---

[3] The "low number rule" requires the clerk of court to prepare a report and proposed order transferring a related action filed within this District "to the district and magistrate judge to whom the lowest numbered case was assigned". CivLR 40.1(h).

1   nationwide class.").

2        *Second*, with respect to the convenience of the parties, it certainly would be more

3   convenient for Qualcomm to litigate in a single district, rather than simultaneously in two

4   different districts on two sides of the country. *See id.* ("[A]ppearing in a single district is more

5   convenient than appearing in two different districts on opposite coasts of the country."). To be

6   sure, San Diego, California—Qualcomm's principal place of business—ordinarily would be a

7   convenient venue for Qualcomm, and there is little doubt that relevant evidence and witnesses are

8   located in this District. Plaintiff's allegations, however, range far more broadly than Qualcomm's

9   actions within the Southern District of California, in particular those allegations concerning

10  "global" wireless markets, Qualcomm's conduct before the ETSI, a European SDO, and

11  Qualcomm's licensing of counterparties all over the world. (*See* Meyer Compl. ¶¶ 20, 68.) As

12  the Ninth Circuit has held, "the location of the evidence . . . is no longer weighed heavily given

13  the modern advances in communication and transportation". *Panavision Int'l L.P. v. Toeppen*,

14  141 F.3d 1316, 1323 (9th Cir. 1998). Indeed, the principal "convenience" consideration here is

15  having related cases litigated in one forum rather than two, and this factor far outweighs any

16  convenience associated with litigating in the Southern District of California.

17       *Third*, transfer would also be more convenient because a single court would be

18  empowered to help prevent witnesses from having to submit to two different depositions and

19  from having to travel to two different forums to attend court proceedings. *CoxCom, Inc. v.*

20  *Hybrid Patents Inc.*, No. 06-CV-7918, 2007 WL 2500982, at *2 (N.D. Cal. Aug. 30, 2007)

21  ("[T]he Court finds transfer would be substantially more convenient for each such witness, even

22  those who reside in California, because such witnesses would not be required to engage in

23  duplicative litigation or travel to two different forums to attend court proceedings."). This

24  consideration is especially significant for the potentially large number of third-party witnesses

25  likely to testify in these actions (*see* Loft Decl., Exs. 3-5 (disclosing third parties pursuant to

26  Federal Rule of Civil Procedure 26)). *Papaleo v. Cingular Wireless Corp.*, No. 07-CV-1234,

27  2007 WL 1238713, at *2 (N.D. Cal. Apr. 26, 2007) ("[W]ith respect to the convenience of third-

28  party witnesses, which often is the most significant factor, the Court finds transfer would be

1  substantially more convenient for each such witness, because such witnesses would not be
2  required to engage in duplicative litigation or travel to two different forums to attend court
3  proceedings.").

4       On balance, the relevant § 1404(a) considerations weigh decisively in favor of
5  transferring this action to the District of New Jersey.

6  **IV.    CONCLUSION**

7       For the foregoing reasons, Qualcomm respectfully asks this Court to grant Qualcomm's
8  motion to transfer pursuant to 28 U.S.C. § 1404(a).

9

Dated: May 1, 2008                    DLA PIPER US LLP
10

11                                     By /s/ William S. Boggs
12                                        william.boggs@dlapiper.com

13                                     CRAVATH, SWAINE & MOORE LLP
14                                     Evan R. Chesler
                                       Peter T. Barbur
15                                     Elizabeth L. Grayer

16                                     Attorneys for Defendant
                                       QUALCOMM INCORPORATED
17

18

19

20

21

22

23

24

25

26

27

28